IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LIBERIAN BANK FOR § | |
| DEVELOPMENT AND § | |
| INVESTMENT, § | |
|     Plaintiff, § | |
| § | CIVIL ACTION NO. H-06-2581 |
| v. § | |
| § | |
| STERLING BANK, *et al.*, § | |
|     Defendants. § | |

### MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment on Holder in Due Course [Doc. # 39] filed by Plaintiff Liberian Bank for Development and Investment ("LBDI") and the Motion for Partial Summary Judgment [Doc. # 40] filed by Defendants Sterling Bank ("Sterling"), Sterling Bancshares, Inc. and Bank of America ("BOA") (collectively, "Banks"). No responses have been filed. Based on a review of the full record and the application of governing legal authorities, the Court **grants** both motions.

### I.     BACKGROUND

Plaintiff LBDI is a bank in Liberia. Defendants Sterling, Sterling Bancshares, Inc. and BOA are banks in the United States. In July 2003, Gospel to the Unreached Millions ("Gospel") purchased from Sterling a teller's check (the "Check"), drawn on

Sterling's account at BOA, in the amount of two hundred fifty thousand dollars ($250,000.00) payable to Liberia for Jesus ("LFJ"). Defendant Kilari Anand Paul a/k/a Anand Kilari Paul ("Paul"), Gospel's President, took the Check to Liberia and hand-delivered it to Bishop Jimmie Dugbe, the national chairman for LFJ.

LFJ had an account with LBDI. LFJ officials properly endorsed the Check and presented it to LBDI on July 29, 2003. The next day, an LFJ representative presented to LBDI a check made payable to "cash" in the amount of $215,000. LBDI honored LFJ's check and paid out $215,000 from funds deposited by the Check. LBDI sent the Check to its correspondent bank, Citibank, for collection.

On August 7, 2003, Sterling issued to BOA a stop payment order on the Check based on a report from Gospel's Chief Financial Officer that the Check had been "lost and/or stolen." The declaration in support of the stop payment order contained an indemnification provision in which Gospel promised to hold the Banks harmless for any "costs, expenses or liabilities" if the Banks were requested to pay the Check.

On August 18, 2003, LBDI, through Citibank, presented the Check to BOA for payment. BOA refused to honor it based on Sterling's stop payment order.

LBDI filed this lawsuit to collect on the Check. The Banks filed a cross-claim against Gospel based on the indemnification agreement. LBDI and the Banks filed

motions for summary judgment, to which no opposition has been filed. The motions, therefore, are ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The

moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere

reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III.   ANALYSIS

#### A.   Plaintiff's Motion – Holder in Due Course

The Check, a teller's check, was a draft drawn by a bank on another bank. In this case, the Check was drawn by Sterling payable by BOA. The drawer bank,

Sterling, can issue a stop payment order, but it remains liable on the teller's check. *See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 656 (Tex. 1990).

A holder in due course takes the Check free of all defenses, except certain limited defenses not relevant to this case. *See* TEX. BUS. & COM. CODE § 3.305. The requirements for holder in due course status are:

(1)  the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and

(2)  the holder took the instrument:

  (A)  for value;

  (B)  in good faith;

  (C)  without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;

  (D)  without notice that the instrument contains an unauthorized signature or has been altered;

  (E)  without notice of any claim to the instrument described in Section 3.306; and

  (F)  without notice that any party has a defense or claim in recoupment described in Section 3.305(a).

TEX. BUS. & COM. CODE § 3.302(a).

In this case, the uncontroverted evidence establishes that when LBDI received the Check, it did not contain evidence of forgery or alteration, and it was not so irregular or incomplete that its authenticity was suspect. LBDI took the Check for value, by crediting LFJ's account and thereafter paying some of the funds out of the account. *See Aetna Life & Cas. Co. v. Hampton State Bank*, 497 S.W.2d 80, 86 (Tex. Civ. App. – Dallas 1973). There is no evidence that LBDI acted other than in good faith, and there is no evidence that LBDI had notice that the Check was subject to a stop payment order or any other defenses or claims. Consequently, the uncontroverted evidence in the record establishes that LBDI is entitled to summary judgment that it qualifies as a holder in due course of the Check.

### B.     Banks' Motion – Indemnification

In the stop payment order by which Gospel directed BOA to stop payment, Gospel agreed to indemnify the Bank for any "costs, expenses or liabilities" resulting from the stop payment order. The uncontroverted evidence establishes that the indemnity agreement is fully enforceable and, as a result, BOA is entitled to summary judgment on its cross-claim for indemnification.

Additionally, § 4.407 of the Texas Business and Commerce Code provides that if the payor bank pays an item over a stop payment order, then:

>
> to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank is subrogated to the rights:
>
> > (1)  of any holder in due course on the item against the drawer or maker;
> >
> > (2)  of the payee or any other holder of the item against the drawer or maker either on the item or under the transaction out of which the item arose; and
> >
> > (3)  of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose.

TEX. BUS. & COM. CODE § 4.407.  Consequently, upon payment of the Check over the stop payment order, the payor bank receives the rights of a holder in due course as against Gospel, to recover the money it is required to pay to LBDI on the Check.  The Court will grant the Banks' Motion for Partial Summary Judgment.

## IV.    **CONCLUSION AND ORDER**

Plaintiff's uncontroverted evidence satisfies the requirements for holder in due course status, and the Banks' uncontroverted evidence establishes their entitlement to indemnification from Defendant Gospel to the Unreached Millions.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment on Holder in Due Course [Doc. # 39] and the Banks' Motion for Partial Summary Judgment on indemnification [Doc. # 40] are **GRANTED**. It is further

**ORDERED** that the pretrial conference on July 27, 2007, is **RESCHEDULED** to **Thursday, July 26, 2007, at 10:30 a.m.** unless the parties advise the Court in writing by **Monday, July 23, 2007**, that no further Court action is required and the case can be closed.

SIGNED at Houston, Texas, this **9th** day of **July, 2007**.

_____
Nancy F. Atlas
United States District Judge